**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Hershel Mark Jefferson, Jr., Appellant.

Appellate Case No. 2016-001799

---

Appeal From Charleston County
Carmen T. Mullen, Circuit Court Judge

---

Unpublished Opinion No. 2019-UP-034
Submitted December 6, 2018 – Filed January 23, 2019

---

**AFFIRMED**

---

Deputy Chief Appellate Defender Wanda H. Carter, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Assistant Attorney General Susan Ranee Saunders, and Assistant Attorney General Joshua Abraham Edwards, of Columbia, and Solicitor Scarlett Anne Wilson, of Charleston, all for Respondent.

---

**PER CURIAM:** Hershel Mark Jefferson, Jr., appeals his conviction of criminal domestic violence (CDV), third offense. We affirm.

## I.

A Charleston County grand jury indicted Jefferson for CDV. The trial court determined Jefferson would be tried in his absence because he failed to appear at trial despite receiving proper notice.

On July 3, 2014, Officer Michael Burton of the City of Charleston Police Department responded to a 911 call reporting a man and woman fighting. Officer Burton arrived on scene to find Felicia Edwards at the home of her neighbor, Amanda Powell. Officer Burton entered the house, and he "immediately observed broken glass[,] the room was in disarray[,] . . . and there was blood splattered" on the floor and walls. Officer Burton spoke with Edwards and Powell about what happened, but he did not speak with Jefferson because he was not present. Jefferson was later apprehended and charged with CDV.

At trial, Edwards testified she and Jefferson were in a romantic relationship and had three children together. Edwards stated she and Jefferson were having financial problems, the power in their house had been turned off, and she sent their children to stay with her mother. While discussing these issues with Jefferson, he became angry, so Edwards suggested he go to his mother's house. Eventually, Jefferson left Edwards' house and she locked the door and went to Powell's house to wait on her mother to pick her up.

Edwards testified Jefferson began knocking on Powell's door and asked to use her phone. She offered to make a call for Jefferson but refused to open the screen door or give her phone to him. Edwards testified Jefferson became angrier when Edwards would not let him use her phone, and he pulled the screen door open, punched her in the face, and grabbed her around the neck and put her in a headlock. Edwards testified she began hitting Jefferson to try to get him off of her. At some point during the fight, she hit Jefferson with a glass candle stick. The candle stick broke over Jefferson's head, but he kept holding her in a headlock. Edwards grabbed a broken piece of glass and threatened to cut Jefferson. When Jefferson refused to release Edwards, she cut his arm. Jefferson finally released Edwards and fled. Edwards testified she sustained numerous injuries, including scratches, a swollen eye, and a "busted" nose. Powell corroborated Edwards' testimony.

Officer Burton also testified as to Edwards' injuries, stating:

[s]he had several scratches to the right side of her face and neck. There was a scratch on the upper right side of her breast, a laceration approximately one inch on her forearm and a laceration on her right index finger and her right ring finger as well as some bruising to her face.

Officer Burton testified he and another officer located Jefferson about thirty minutes later around the corner from Edwards' house, and Jefferson provided his side of the story. The following exchange then took place:

SOLICITOR: What did you do after that?

OFFICER BURTON: Based upon the evidence and the statements from the victim and the crime scene what we saw as well as the injuries we determined - -

DEFENSE COUNSEL: Objection.

THE COURT: Basis?

DEFENSE COUNSEL: May we approach?

THE COURT: Sure.

(Off-the-record conference)

SOLICITOR: As a result of your investigation you arrested the Defendant, correct?

OFFICER BURTON: Yes. We found him to be the primary aggressor.

DEFENSE COUNSEL: Objection.

The trial court did not rule on this objection on the record. Jefferson did not attempt to explain his objection, move to strike, or request a curative instruction. On cross-examination, Officer Burton testified he made a primary aggressor determination because both parties had injuries and different stories.

At the close of the State's case, Jefferson moved for a mistrial "based on [his] previous objection and testimony for the ultimate issue of the case in terms of [Jefferson] being the primary aggressor." He also moved for a directed verdict

arguing the State failed to prove beyond a reasonable doubt that Jefferson had not acted in self-defense. The trial court denied the motion for a mistrial and denied the directed verdict motion.

Jefferson did not present a defense and the jury found him guilty of CDV. Jefferson was sentenced to five years imprisonment, suspended upon the completion of three years, with five years of probation. This appeal followed.

## II.

Jefferson argues the trial court erred in allowing Officer Burton to testify Jefferson was the primary aggressor. We affirm because this issue was not preserved for appellate review.

This issue is not preserved because Jefferson did not "make a contemporaneous objection on a specific ground." *See State v. Holliday*, 333 S.C. 332, 338, 509 S.E.2d 280, 283 (Ct. App. 1998). Here, Jefferson objected twice to Officer Burton's testimony but did not give a specific ground at the time the objections were made, and the basis for the objections are not apparent from the context of the discussion. *See State v. Byers*, 392 S.C. 438, 444, 710 S.E.2d 55, 58 (2011) ("For an objection to be preserved for appellate review, the objection must be made at the time the evidence is presented and with sufficient specificity to inform the circuit court judge of the point being urged by the objector." (internal citation omitted)). The record shows the parties apparently discussed the objections in an off-the-record bench conference, but neither the trial court nor Jefferson placed the basis for the objections or the trial court's rulings on the record. *See State v. Fletcher*, 363 S.C. 221, 258, 609 S.E.2d 572, 591 (Ct. App. 2005) ("An objection made during an off-the-record conference which is not made part of the record does not preserve the question for review."), *rev'd on other grounds*, 379 S.C. 17, 664 S.E.2d 480 (2008). Jefferson raised the specific reason for his previous objections—that Officer Burton's testimony improperly commented on an ultimate factual issue in the case—in his motion for a mistrial. However, raising the specific ground for the objections for the first time in a motion for a mistrial is not sufficient to preserve it for appellate review. *See State v. Morris*, 307 S.C. 480, 485, 415 S.E.2d 819, 823 (Ct. App. 1992) ("If a party fails to make a proper contemporaneous objection to the admission of evidence, he cannot later raise the issue by a motion for mistrial.").

**AFFIRMED.** [1]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**KONDUROS, MCDONALD, and HILL, JJ., concur.**